·B. W. BRYANT *v.* J. C. HARRIS LUMBER COMPANY.

PRACTICE. *Justice court. Suit for material. Act* 1884, *p.* 84. *Filing account.*

Where plaintiff, suing in a justice court for materials furnished, made the affidavit required by act 1884 (Laws, p. 84), and had a writ of seizure and summons issued, it is error for the circuit court, on appeal, to dismiss the suit because the evidence of debt was not filed with the justice until two days after the issuance of the writ.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

Section 1 of an act approved March 11, 1884 (Laws, p. 84), provides as follows: "That § 1255, code 1880, be amended by adding the following at the conclusion of said section, to wit: 'And if the plaintiff shall desire to establish a lien on such personal property whilst in the hands of the first vendee, he shall, on filing his declaration or evidence of debt, make affidavit, stating that such property was sold by him for the debt, in whole or in part, sued on, or for labor done thereon, or for material furnished, as the case may be, describing in his affidavit the property, and the clerk or justice of the peace shall issue his writ of seizure and summons,'" etc.

This action was begun by appellee against appellant before a justice of the peace under the foregoing statute. The plaintiff made the requisite affidavit, describing the property and stating the amount of the indebtedness, and the writ of seizure was issued on the same day. An itemized account of the indebtedness, however, was not filed until two days afterwards. On the trial before the justice of the peace, a motion was made by the defendant to dismiss the suit because the itemized account was not filed on the day of the issuance of the writ. The motion was overruled, and judgment rendered for the plaintiff. The defendant appealed to the circuit court, and there renewed his motion, which was,

by the circuit court, sustained, and the suit was dismissed; hence this appeal.

*Lowe & Cochran*, for appellant.

The question raised by the motion does not rise to the dignity of a technicality. It is a mere quibble. The origin, cause, and amount of indebtedness were fully set out in the affidavit. It is not required that pleadings in the justice court shall conform to rigid rules.

*F. A. Montgomery, Jr.*, for appellee.

It is necessary that a copy of the account or note sued on, or the bill of particulars of the damages claimed, shall be filed with the justice before the issuance of a summons. Code 1880, § 2196; *Duncan* v. *Scott County*, 64 Miss., 38. See also *Pipes* v. *Norton*, 47 Miss., 61. The filing of the affidavit under the act of 1884 is not the commencement of the suit. Until the evidence of the debt is filed, the justice had no jurisdiction to issue the writ. The case is not like an attachment, where the declaration need not be filed with the affidavit. It is governed by the express provisions of the act of 1884.

CAMPBELL, C. J., delivered the opinion of the court.

It was erroneous to dismiss the suit because the itemized account was not filed until two days after the writ was issued.

*Reversed, and remanded to be proceeded with in the circuit court without regard to this objection.*